In re BENSEL et al., Board of Water Supply.

CITY OF NEW YORK v. SAGE.

(District Court, S. D. New York. February 18, 1916.)

1. EMINENT DOMAIN ⊜⊐134—COMPENSATION—VALUE—USE FOR SPECIAL PURPOSE.

Where a lot was available for use as a reservoir site only in connection with a large number of other tracts, so that it could not be supposed that the site could ever be secured as a whole for a reservoir without the exercise of the power of eminent domain, the added value of the lot because of its availability for such use cannot be allowed the owner in condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. ⊜⊐134.]

2. EMINENT DOMAIN ⊜⊐238(7)—COMPENSATION—DETERMINATION—POWER OF COURT.

The provision of the New York Constitution requiring the award in proceedings by a city to condemn a reservoir site to be made by a jury or by commissioners does not prevent the court, on appeal from an award by commissioners separated into two parts, one of which should not be included in the award from entering the order for the amount found in the other part of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 674, 687; Dec. Dig. ⊜⊐238(7).]

3. EMINENT DOMAIN ⊜⊐238(7)—COMPENSATION—DETERMINATION—PROCEDURE.

There is no rule of New York procedure which requires the court in such case to order another full trial, instead of entering the order for the proper amount, as it could do if the amounts were specially found by the jury.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 674, 687; Dec. Dig. ⊜⊐238(7).]

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. EMINENT DOMAIN ⊝⇒265(4)—COSTS—STIPULATION.

A stipulation in condemnation proceedings to enable the owner to get his money at once, which provided that he should give security for the money paid at that time, does not release him from liability for costs awarded against him on appeal.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 693; Dec. Dig. ⊝⇒265(4).]

5. APPEAL AND ERROR ⊝⇒1198—PROCEEDINGS AFTER REMAND—POWER OF LOWER COURT.

On remand from the Supreme Court, the District Court has no power, except to enter a decree in conformity with the mandate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4668; Dec. Dig. ⊝⇒1198.]

6. EMINENT DOMAIN ⊝⇒265(4)—COSTS—STATUTE.

The requirement by the New York statute that a city condemning a reservoir site shall furnish the owner with three printed copies of the evidence does not relieve the owner from liability for costs for certifying the record on appeal and the supervision fee and for printing the record in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 693; Dec. Dig. ⊝⇒265(4).]

Petition by John A. Bensel and others as the Board of Water Supply of the City of New York to acquire land for a reservoir site. On remand from the Supreme Court after a writ of certiorari by the City of New York from an order awarding damages for land belonging to William Sage, Jr. 239 U. S. 57, 36 Sup. Ct. 25, 60 L. Ed. ——. Final order entered.

Edward A. Alexander, of New York City, for claimant.
Archibald R. Watson, Corp. Counsel, of New York City, opposed.

LEARNED HAND, District Judge. [1] I can see no reason to suppose that there was any practical way of uniting this land with adjoining lands into a reservoir site except by the right of eminent domain. The possibility which Mr. Justice Holmes has in mind is that the land might have an added value due to its availability for such a union through the usual course of the market, just as a corner lot has added value in the city of New York if available for an apartment house. Nobody can suppose that a reservoir site can result in that way, or without the right of eminent domain as a necessary condition. If so, no part of the availability value is to be included. "The city is not to be made to pay for any part of what it has added to the land by thus uniting it with other lots, if that union would not have been practicable or have been attempted except by the intervention of eminent domain." Even though there was a possible prospect of other cities competing for the land, they would have each proceeded by eminent domain; indeed, that possibility was expressly suggested by Judge Coxe in the Circuit Court of Appeals. 206 Fed. 369, 124 C. C. A. 251. When the Supreme Court (239 U. S. 57, 36 Sup. Ct. 25, 60 L. Ed. ——) considered the matter, they certainly had in mind no such possibility.

It is not contended, I believe, that anywhere in the record is there

any evidence that, except by eminent domain, a union of lots for a reservoir was feasible. Obviously, the suggestion, if made, would be fantastic. Therefore the opinion of that court requires an award of the amount already fixed as a fair value of land and buildings; i. e., $7,624.45.

[2] The point that the Supreme Court had no power to do anything but reverse the award and require a new trial depends upon the Constitution of the state of New York, which requires the award to be made by a jury or by commissioners. If the award had been of a bulk sum, then it is probably true that no other recourse would have been open, but to have the commissioners make a new award. However, the commissioners wished to avoid this, so they expressly divided their award into two parts, and now it has been decided that one part should not have been included in the total. When an order is entered upon the opinion of the Supreme Court, it will enforce their award quite as much as if they had said nothing of the other item and had understood the law from the outset. Decisions of the New York courts to the effect that the court can make no new award do not apply to such a case.

[3] Another question also is suggested, though with less confidence. Assuming that the New York Constitution would allow an order to be entered enforcing part of an award separately stated by the commissioners, is there any such procedure open under the New York statutes? Is the award not rather like the verdict of a jury? I have not been referred to any procedure peculiar to New York which prevents so convenient a practice, or requires the cumbersome method of another full trial with its delay and expense. The case seems to me rather to be analogous to the special verdict of a jury upon which, when the facts are all found, the court may enter the appropriate judgment.

[4, 5] The next question is of the stipulation between the parties signed after the decision of the Circuit Court of Appeals. This in my judgment had no effect whatever upon these condemnation proceedings and cannot therefore control the order to be entered. The stipulation was to enable the petitioner to get his money at once, nothing more. In providing that he should give security for the money paid at that time, it should not be thought to have released him from any liability which might arise by way of costs from his mistaken claim to the second award. His liability was unaffected and should be enforced against him quite without regard to the stipulation which was not part of the record. In any case, I have no further power than to enter a decree in conformity with the mandate of the Supreme Court, which I cannot vary in any respect whatever.

[6] As to costs, the only question is of costs in the Circuit Court of Appeals. As to these I do not understand that the petitioner complains because costs in that court have been allowed against him, but only that the amount is not correct, in that under the statute the city is required to furnish the petitioner with three printed copies of the evidence. The items are two—one for certifying the record on appeal, $247.05, and the other the supervision fee and for printing

the record, $148.28. These are items which arise under the United States statute, and have no relation to the printing of the evidence mentioned in the New York condemnation statute. They are items with which the city is chargeable quite independently of the printed copies of the evidence furnished in the Circuit Court, being concerned altogether with the appeal. They are properly taxable, therefore, against the loser.

The order presented by the city seems to me, therefore, to be correct in all particulars, and should be signed. Of course, I have nothing to do at the present time with the enforcement of the bond. That will arise upon scire facias, when the city chooses to avail itself of the security.